UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN VALENTINE, on behalf of himself and others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES L.P., and RESURGENCE LEGAL GROUP, P.C.,</br></br>Defendants. | 20 C 1161 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants LVNV Funding LLC ("LVNV"), Resurgent Capital Services L.P. ("Resurgent"), and Resurgence Legal Group, P.C.'s ("RLG") motion to compel arbitration. For the following reasons, the Court will grant the motion.

## BACKGROUND

The following facts are taken from the record and are undisputed unless otherwise noted.

Plaintiff Jonathan Valentine ("Valentine") is a resident of the State of Illinois. Defendant LVNV is a Delaware limited liability company in the business of consumer debt collection. Specifically, LVNV purchases defaulted debts from banks, finance

companies, and other debt buyers. Defendant Resurgent is a South Carolina corporation which collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV. Resurgent collects the consumer debts either directly, or by outsourcing debt collection to another independent collection agency, such as RLG. RLG is an Illinois corporation and law firm that specializes in consumer debt collection.

On December 21, 2010, Valentine opened a credit card account with Credit One Bank. Credit One Bank sent the credit card to Valentine at his address at the time in Knoxville, Tennessee. Enclosed with the credit card was Credit One Bank's Card Agreement (the "Card Agreement"). Valentine used the credit card to make purchases and maintained a balance on the account with Credit One Bank (the "Account"). The Account was subsequently charged off on January 27, 2015.

The Card Agreement contains a provision requiring certain claims to be submitted to arbitration. The provision states:

> Claims subject to arbitration include, but are not limited to, disputes relating to . . . billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your account. . . . Any questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

Additionally, the Card Agreement states that the arbitration provision shall survive "any transfer or assignment of your account, or any amounts owed on your account, to any other person."

On January 31, 2015, Credit One Bank sold a pool of charged off accounts, including Valentine's Account, to MHC Receivables, LLC ("MHC"). The receivables associated with the Account were sold by Credit One Bank to MHC FNBM, LLC ("FNBM"). On January 12, 2015, both MHC and FNBM sold their rights to the Account to Sherman Originator III LLC ("Sherman III"). Sherman III then immediately sold all its interest in the Account to Sherman Originator LLC ("Sherman"). Sherman then immediately sold its interest in the Account to LVNV.

Resurgent began servicing the debt after it was purchased by LVNV. Resurgent and LVNV then allegedly hired RLG to collect the alleged debt. RLG filed a small claims lawsuit against Valentine in the Circuit Court of Cook County, First Municipal Division, Case No. 19-M1-116512. Attached to the complaint was a "Credit Card or Debt Buyer Collection Action Affidavit" as required by Illinois Supreme Court Rule 280.2 (the "Affidavit"). In the Affidavit, Defendants allegedly indicated that they would not pursue additional amounts incurred after the charge off of the debt. Valentine alleges that in the Defendants' prayer for relief, they indicated that they were seeking to recover court costs, which Valentine contends is inconsistent with the Affidavit. Additionally, Valentine alleges that Defendants served him with a "Motion to Reinstate and for Judgment" (the "Motion"). After Defendants obtained declaratory judgment in their favor in the amount of $1,110.77 plus costs, Valentine alleges that Defendants sent a letter to collect the judgment but did not state that the amount of judgment would increase due to statutory interest.

Based on these facts, Valentine filed the instant class action complaint on February 17, 2020. Valentine claims violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1592 et seq. ("FDCPA"), based on the alleged inconsistency between the Affidavit and the prayer for relief (Count I); the failure to disclose that the Motion was an attempt to collect a debt (Count II); and the failure to disclose that the judgment would accrue statutory interest (Count III). Defendants moved to compel arbitration on June 23, 2020.

## **LEGAL STANDARD**

Motions to compel arbitration concern venue and are properly addressed under Federal Rule of Civil Procedure 12(b)(3). *Grasty v. Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (citing *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014)); *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) (an arbitration clause is "simply a type of forum-selection clause," and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)). The Court may consider materials outside the pleadings when evaluating such a motion. *Johnson*, 556 F. App'x at 544-45.

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration clauses in state and federal courts. *Jain v. de Méré*, 51 F.3d 686, 688 (7th Cir. 1995). Under the FAA, an arbitration agreement in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

4

The Court must grant a motion to compel arbitration under the FAA where the parties have a written arbitration agreement and the asserted claims are within its scope. 9 U.S.C. §§ 3-4; *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). The FAA's policy in favor of arbitration applies when determining the scope of arbitration. *Druco Restaurants, Inc. v. Steak N Shake Enterprises, Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). In deciding a motion to compel arbitration, the Court's duty is to determine whether the parties' dispute belongs in arbitration, not to rule on the potential merits of the underlying claim. *AT&T Techs., Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 649 (1986).

If a court "determines that the making of the arbitration agreement is seriously disputed, 'the court shall proceed summarily to the trial thereof.'" *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002) (quoting 9 U.S.C. § 4). "The party opposing arbitration must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract." *Id.* Although the "the FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet," the Seventh Circuit has "analogized the standard to that required of a party opposing summary judgment under Rule 56(e)." *Id.*

## DISCUSSION

Defendants argue that the suit must be submitted to arbitration because the Card Agreement contains an arbitration provision requiring that all disputes regarding the collection of a debt related to the Account be submitted to arbitration. Valentine argues

5

that there is no agreement to arbitrate, and, if there is an agreement, the scope of the agreement does not cover this dispute. We address each of Valentine's arguments in turn.

## I. Existence of an Agreement to Arbitrate

Valentine argues that no agreement to arbitrate exists because Defendants have not established a chain of title between them and Credit One Bank, the agreement ceases to exist after the state court judgment under Illinois' merger doctrine, and because Defendants are judicially estopped from asserting that a written contract exists. We address each argument in turn.

### a. Chain of Title

Valentine argues that no agreement to arbitrate exists between himself and Defendants because Defendants have not shown a chain of title in the Account that includes the right to enforce the arbitration agreement. We disagree.

Defendants attach to their motion an affidavit of Gary Harwood, Vice President of Portfolio Services of Credit One Bank and an authorized representative of Credit One Bank, MHC, and FNBM. Harwood attests that Valentine opened the Account, used the Account to make purchases, made payments toward the balance on the Account, and that the Account was ultimately charged off on January 27, 2015. Harwood attests that Credit One Bank sold the rights, title, and interest in the Account to MHC and then MHC sold the rights, title, and interest to Sherman III. In support,

6

Harwood attaches the Bills of Sale and Assignment between Credit One and MHC, and MHC and Sherman III.

Additionally, Defendants attach the affidavit of Anne Herthneck, a representative and custodian of records for LVNV. Herthneck attests that Sherman III sold the rights, title, and interest in the Account to Sherman, and Sherman then sold the rights, title, and interest in the Account to LVNV. In support, she attaches a Declaration of Account transfer between Sherman III, Sherman, and LVNV.

The arbitration agreement expressly states that it survives any transfer of ownership of the Account or any debt on the Account. Each document indicates the transfer of *all* the rights, title, and interest in the Account. Accordingly, we believe that the Defendants have established a chain of title. *See Fuller v. Frontline Asset Strategies, LLC*, 2018 WL 1744674, at *3 (N.D. Ill. 2018) (finding a chain of title between Credit One and LVNV under similar circumstances and granting motion to compel arbitration).

### b. Merger Doctrine

Valentine argues that the arbitration agreement ceases to exist after the state court judgment under Illinois' merger doctrine. We disagree.

"The merger doctrine generally provides that, upon entry of a judgment, a plaintiff's claims against a defendant are merged into the judgment." *Steiner Elec. Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 90. Illinois courts have repeatedly held that "The doctrine of merger is applied to *causes of action* to bar relitigation of the same

7

cause." *Stein v. Spainhour*, 196 Ill. App. 3d at 70 (emphasis in original); *Kenny v. Kenny Indus., Inc.*, 2012 IL App (1st) 111782, ¶ 16. In other words, if a plaintiff obtains a judgment on a breach of contract claim, the plaintiff can no longer sue on the contract to recover damages but must sue to enforce the judgment. Illinois court have held that certain contractual provisions, such as provisions for the award of attorney's fees, are ancillary to a breach of contract action because they do not seek to relitigate the defendant's liability under the contract and are therefore not extinguished by the merger doctrine. *Stein*, 196 Ill. App. 3d at 70; *Kenny*, 20120 IL App (1st) 111782, at ¶ 16; *Steiner*, 2016 IL App (1st) 132023, at ¶ 90.

Similarly, this action does not seek to relitigate Valentine's liability under the Card Agreement. Instead, this action seeks to litigate whether the Defendants' actions in the underlying state court case violated the FDCPA. Accordingly, the arbitration provision is ancillary to the underlying state court action and is not extinguished by the merger doctrine.

### c. Judicial Estoppel

Valentine argues that Defendants are judicially estopped from asserting that a written agreement exists because the underlying state court action was based on an unwritten contract. We disagree.

"The doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir.

2014). To successfully estop a party from asserting a position in a subsequent proceeding, "the later position must be clearly inconsistent with the earlier position." *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). The Court is hesitant to conclude that is the case here.

In the state court action, Defendants proceeded on an "account stated" theory. Illinois courts have explained this theory:

> [A]n account stated is an agreement between parties who previously engaged in transactions that the account representing those transactions is true and the balance stated is correct, together with a promise, express or implied, for the payment of such balance. *W.E. Erickson Const., Inc., v. Congress–Kenilworth Corp.*, 132 Ill.App.3d 260, 267 (1985). "'An account stated cannot be created merely by furnishing an account unless the creditor or debtor specifically intends to establish a balance due or to agree upon a final settlement to date between the parties.'" *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 56 (quoting *Toth v. Mansell*, 207 Ill.App.3d 665, 672 (1990)). In other words, an account stated is "'merely a final determination of the amount of an existing debt,'" and an action for an account stated is founded upon a promise to pay that debt, not the original promise to pay under the contract. *Patrick Engineering*, 2012 IL 113148, ¶ 56 (quoting *Motive Parts Co. of America, Inc. v. Robinson*, 53 Ill.App.3d 935, 941 (1977); see also *Dreyer Medical Clinic, S.C. v. Corral*, 227 Ill.App.3d 221, 226 (1992) ("an account stated is merely a form of proving damages for the breach of a promise to pay on a contract."). Accordingly, a claim for an account stated requires a plaintiff to allege that: (1) the parties had an agreement under which one party was regularly billed for services provided by the other party; (2) the party providing the services billed the other (or provided the other statements of the amounts due on the account); and (3) the party owing the money did not dispute the correctness of the bills but also did not pay. *Dreyer Medical Clinic*, 227 Ill.App.3d at 226.

*Citibank N.A. v. Lelis*, 2014 IL App (1st) 140784, ¶ 43 (internal alterations omitted).

9

Here, The Card Agreement is the underlying agreement. Defendants sought to recover the money that Valentine incurred based on this agreement under an account stated theory in the state court. Defendants never appear to have represented that a written agreement does not exist or that a relationship between the parties arose wholly from an unwritten contract. Therefore, we do not believe that Defendants are raising inconsistent arguments and, thus, judicial estoppel does not apply.

Accordingly, we find that the Card Agreement contains a valid and enforceable agreement to arbitrate.[1]

## II. Scope of the Agreement to Arbitrate

Valentine argues that this dispute is not within the scope of the arbitration agreement because the Defendants' alleged actions were an attempt to collect on a debt based on the judgment and not the Agreement. We disagree.

First, we note the arbitration provision states, "Any questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced." Resolving the issue broadly considering this provision and the strong public policy in favor of arbitration, we believe the judgment in the state court case is related to the Account because the suit was an attempt to collect a debt related to the Account. Further, many of the alleged wrongful actions occurred before judgment was entered. For example, the alleged

---

[1] Valentine does not argue that the basic ingredients of a valid and enforceable contract are not met.

inconsistency between the Affidavit and the prayer for relief when the case was first filed was an attempt to collect a debt based on the Account and not the judgment because there was no judgment at the time of this action. Additionally, the Motion was made to collect the debt on the Account and not the judgment. The only alleged act made after the judgment was the letter sent seeking to collect the judgment. However, we believe this communication is still an attempt to collect a debt related to the Account.

The arbitration provision requires that claims regarding the collection of a debt related to the Account be submitted to arbitration. Accordingly, we find that this action falls within the scope of the arbitration agreement.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the Defendants' motion to compel arbitration (Dkt. # 17). Valentine is ordered to submit his claims to arbitration on an individual basis in accordance with the arbitration provision of the Card Agreement. Civil Case Terminated. It is so ordered.

Dated: 10/7/2020

_____
Charles P. Kocoras
United States District Judge